Municipal Court of Dover,
    Jan. 4, 1938.

GEORGE M. WESSELLS, *trading as* WESSELLS' RESEARCH BUREAU

*v.*

JAMES J. PARLE COMPANY.

*James A. Broderick* (*Mr. Maurice A. Broderick* orally), for the plaintiff.

*Hughes & Burns*, for the defendant.

BRANCH, J. "The deposition of any witness in a civil cause may be taken and used at the trial, unless the adverse party procures him to attend so that he may be called to testify when the deposition is offered." P. L., c. 337, s. 1.

"Any justice or notary public in the state, any commissioner appointed under the laws of the state to take depositions in other states, any judge or justice of the peace or notary public in any other state or country may take such deposition." *Ib., s.* 2.

The broad language above quoted has been on the statute books of the State since the enactment of the General Statutes in 1867. G. S., c. 210, s. 1; *Boston & Maine Railroad* v. *State*, 75 N. H. 513, 519. Statutes granting to parties in civil causes the right to take depositions under certain circumstances have, however, been a part of the law of this jurisdiction ever since colonial days. See *Hayward* v. *Barron*, 38 N. H. 366, where the history of the early acts is set forth. See also note on the colonial statutes appended to the opinion in *Boston & Maine Railroad* v. *State, supra,* 518, 519.

Under the earlier state statutes a complete machinery for the taking of depositions was developed. For a case illustrating the practice of taking depositions outside the State under the Compiled Statutes of 1853, c. 200, see *City Bank* v. *Young*, 43 N. H. 457. The procedure in such cases was not fully prescribed by statute, but it clearly involved a preliminary order by the court in which the cause was pending which authorized the taking of the deposition. 1 Wig., Ev., s. 1376. That the present statute, like its predecessors, contemplates the use of depositions in cases pending before municipal or justice courts, is shown by the provision in regard to sealing, which reads as follows: "Depositions so taken shall be sealed up by the magistrate taking the same, directed to the court or justice before whom they are to be used, with a brief description of the case, and shall be so delivered into court." P. L., c. 337, s. 10. This provision appeared in Revised Statutes of 1842, c. 188, s. 23 and has been included in all the statutory revisions since that date.

P. L., c. 337, s. 5, provides that notice of the taking of depositions may be served in some instances upon the agent or attorney of the adverse party, and section 6 of the same chapter provides as follows: "No person shall be deemed an agent or attorney for this purpose unless he has indorsed the writ in the cause, or has appeared for his principal before the court, justice, referees or arbitrators, where the action is pending, or has given notice in writing that he is such attorney or agent." The foregoing references to the "justice" before

whom the action is pending indicate that the use of depositions in justice courts was contemplated by the statute, and by the same token, that the taking of depositions for such use was authorized thereby.

It can hardly be doubted, therefore, that under the early statutes justice courts had inherent or implied power to make the necessary preliminary orders authorizing the taking of depositions for use in cases pending before them. In the case of depositions to be taken outside the State, this order would, as a matter of course, include a designation of the officer before whom they should be taken. Municipal courts have all "the powers of a justice of the peace," P. L., c. 323, s. 15) and unless the law has been changed by legislation subsequent to that above considered, we must conclude that the Municipal Court of Dover had power to make such an order in the present case.

Indeed it is probable that the question here presented would never have been raised were it not for the fact that in 1903 an act was passed providing as follows: "Upon petition to the superior court, any justice of said court, either in term time or in vacation, may appoint some suitable person as commissioner to take depositions outside this state, for use in civil causes pending in or returnable to said superior court." Laws 1903, c. 21, s. 1. This provision now appears in P. L., c. 337, s. 15, and from it the defendant argues that it is "the clear intent of the statute to limit this power to the Superior Court." Whatever force this argument might otherwise have is destroyed by reference to s. 5 of the act of 1903, which provided as follows: "This act shall not affect any right to take depositions as now provided by law." Laws 1903, c. 21, s. 5. Since, as we have seen, the right to take depositions for use in justice courts had been in existence for many years before 1903, it is plain that the defendant's argument is without foundation.

By Laws of 1931, c. 164, s. 2, it was provided that "Municipal courts located in cities and towns of not less than fifteen hundred inhabitants shall have concurrent jurisdiction with the superior court of civil causes in which the damages demanded do not exceed five hundred dollars, the title to real estate is not involved, and the defendant resides within the county where such court is located." Whether this provision, standing alone, would furnish a complete answer to the defendant's argument, as the plaintiff contends, need not be decided, but it clearly lends an additional sanction to the conclusion which we have reached, namely, that the Municipal Court of Dover has authority to authorize the taking of depositions outside the State in accordance with the prayer of the plaintiff's petition. It

is not probable that when the legislature conferred upon municipal courts concurrent jurisdiction with the Superior Court in certain cases, it intended to hamper the trial of such cases in municipal courts by denying to these courts the power to obtain the testimony of non-resident witnesses.

*Exception sustained.*

All concurred.